IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA B. CHAVEZ OLSON, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> RANDALL DECLORE, M.D., <br> Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT PLAINTIFF'S MOTION TO EXCLUDE <br><br><br><br><br> Case No. 07-CV-334 |

This matter is before the Court on Plaintiff's Motion to Exclude Plaintiff from the Special Verdict Form. For the reasons below the Court finds it is premature to decide this issue and will therefore take it under advisement.

**Facts**

Plaintiff brings this medical malpractice suit against Defendant based on treatment for foot pain. In Defendant's Answer, Defendant specifically enumerates as a Defense the possible fault of Plaintiff to be determined at trial.[1]

---

[1] *See* Answer at pg. 5-6.

1

## Standard

Utah Code Ann. § 78B-5-819 states:

> The trial court may, and when requested by any party shall, direct the jury, if any, to find separate special verdicts determining the total amount of damages sustained and the percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to any person immune from suit, and to any other person identified under Subsection 78B-821(4) for whom there is a factual and legal basis to allocate fault.

"'Fault' is defined in part as any actionable breach of legal duty, act or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery . . . ."[2]

## Conclusion

Neither the Court nor the parties will have the requisite information regarding the appropriateness of including Plaintiff on a special verdict form until after hearing testimony presented at trial. It is therefore

ORDERED Plaintiff's Motion to Exclude Plaintiff From the Special Verdict Form (Docket No. 31) is TAKEN UNDER ADVISEMENT.

DATED September 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] UTAH CODE ANN. § 778B-5-817(2).

2