IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA B. CHAVEZ OLSEN, an individual, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> RANDALL DELCORE, M.D., an individual, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALCOHOL USE AND DEPRESSION <br><br><br><br> Case No. 2:07-CV-334 TS |

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Alcohol Use and Depression. In her Motion, Plaintiff seeks to exclude testimony concerning Plaintiff's prior treatment for alcohol use and depression. Plaintiff brings this Motion pursuant to Federal Rules of Evidence 401 and 403.

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1] Of course, "[t]he standard is not stringent; it is aimed at each 'brick'

---

[1] Fed. R. Evid. 401.

1

of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]

This is a medical malpractice case arising from a foot surgery that Defendant performed on Plaintiff. Medical records indicate that Plaintiff has been treated for alcohol use and depression. Plaintiff does not claim that the surgery caused her depression or any other psychological or psychiatric condition.

There is nothing to suggest that Plaintiff's prior alcohol use has anything to do with this case. For instance, there is no evidence that Plaintiff's alcohol use caused or contributed to her injury. Similarly, there is no evidence that Plaintiff's depression has anything to do with this case. Plaintiff does not claim that the surgery caused her depression or any other psychological or psychiatric condition. Defendant argues that Plaintiff's "use of alcohol and her depression *may* be factors that contributed to her failure to return to work."[3] However, Defendant points to no evidence to support this speculation. Therefore, the Court finds this evidence to be irrelevant.

Plaintiff also argues that evidence of Plaintiff's alcohol use and depression are inadmissible under Rule 403. Fed. R.Evid. 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

As stated above, Plaintiff's alcohol use and depression are of little, if any, relevance in this matter. Any minimal relevance is substantially outweighed by the danger of unfair prejudice, confusion, delay, and waste of time.

---

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[3] Docket No. 79, at 3 (emphasis added).

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Alcohol Use and Depression (Docket No. 45) is GRANTED.

DATED   September 24, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge