IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA B. CHAVEZ OLSEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RANDALL DELCORE, M.D., an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S HISTORY OF SMOKING<br><br><br>Case No. 2:07-CV-334 TS |

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's History of Smoking.  In her Motion, Plaintiff seeks to exclude evidence of her history of smoking.  Plaintiff brings this Motion pursuant to Federal Rules of Evidence 401 and 403.

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick'

---

[1] Fed. R. Evid. 401.

1

of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]

This is a medical malpractice case arising from a foot surgery that Defendant performed on Plaintiff. Plaintiff has a history of smoking and smoked at the time of the surgery. There is evidence, from Defendant and his expert, that one of the potential treatment options for Plaintiff was a fusion surgery. There is further evidence that a fusion is not recommended for those who smoke. No fusion surgery was performed in this case.

Plaintiff claims that Plaintiff's history of smoking has no relevance here because her expert has not opined that Defendant should have performed a fusion surgery. Plaintiff also states that she will neither argue nor present evidence at trial that Defendant should have performed a fusion surgery.

Defendant argues that Plaintiff's history of smoking is relevant because it goes to the issue of why Defendant chose the particular procedure that he performed on Plaintiff.

The Court finds that Plaintiff's history of smoking is relevant to the issue of why the procedure performed by Defendant was chosen. Therefore, the evidence need not be barred on grounds of relevancy.

Plaintiff further argues that evidence of her smoking is inadmissible under Rule 403. Specifically, Plaintiff argues that she will be unfairly prejudiced because "[e]veryone knows smoking is unhealthy."[3] Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

---

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[3] Docket No. 48, at 4.

The Court cannot find that the probative value of Plaintiff's history of smoking is *substantially* outweighed by the danger of unfair prejudice.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's History of Smoking (Docket No. 47) is DENIED.

DATED   September 24, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge