IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA CHAVEZ OLSEN<br><br>Plaintiff,<br><br><br><br><br><br>vs.<br><br><br>RANDALL DELCORE, M.D.<br><br>Defendant. | MEMORANDUM AND DECISION ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE SUPPLEMENTAL REPORT OF JOHN M. JANZEN, Ed.D AND GRANTING  PLAINTIFF'S MOTION TO CALL JOHN JANZEN, Ed.D IN HER CASE IN CHIEF<br><br><br><br><br>Case No. 2:07-CV-334 TS |

This matter is before the Court on Plaintiff's Motion to Exclude Supplemental Report of John M. Janzen, Ed.D., and Plaintiff's Motion to Call John Janzen, Ed.D., in her case in chief. For the reasons stated below, Plaintiff's Motion to Call John Janzen, Ed.D will be granted and Plaintiff's Motion to Exclude Supplemental Report of John M. Janzen, Ed.D. will be denied.

### I. FACTS

This is a medical malpractice case, involving Plaintiff's right foot.  Defendant hired John

M. Janzen, Ed.D., as a vocational rehabilitation expert.[1]  Plaintiff met with Dr. Janzen for

rehabilitation evaluation and vocational testing on November 5, 2008.[2]  Dr. Janzen completed his

report to the parties on November 6, 2008.[3]  Plaintiff received a copy of the report when

Defendant designated Dr. Janzen as an expert witness.[4]  Plaintiff deposed Dr. Janzen on July 21,

2009.[5]  Defendant designated Dr. Janzen as a will call witness on August 14, 2009.[6]  On

September 14, 2009, Dr. Janzen submitted a supplemental report.[7]  Plaintiff claims the

supplemental report contradicts his deposition.[8]  Pretrial disclosures were due on August 14,

2009.[9]  Plaintiff contends that the supplemental report was produced two weeks before trial and

urges to court to exclude the report as untimely under Rule 26(e)(2) of the Federal Rules of Civil

Procedure, and not within the exceptions under Rule 37(c).[10]  Plaintiff also argues Dr. Janzen is

not allowed to change his testimony.[11]  However, Plaintiff also seeks to call Dr. Janzen as a

witness in her case in chief.

---

[1]Docket No. 50, at 2.

[2]*Id.*

[3]*Id.*, Ex. B.

[4]Docket No. 50, at 2.

[5]*Id.* at 2.

[6]*Id.*

[7]Docket No. 38, Ex. C.

[8]*Id.* at 2.

[9]Docket No. 16.

[10]Fed. R. Civ. P. § § 26(e)(2), 37(c)(1).

[11]Docket No. 38, at 2.

2

## II. STANDARD

"[C]ourts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial."[12]  The Utah Supreme Court has not only held that a party could call the opposing party's expert in its case in chief, but the party could interrogate the expert regarding who initially retained him.[13]  Both state and federal courts have reached similar results.[14]

Under Rule 26(e)(2) of the Federal Rules of Civil Procedure, a party cannot supplement an expert report or deposition after the deadline for "the party's pretrial disclosures."[15]  The Federal Rules of Civil Procedure also provides that "[a] party that without substantial justification fails to disclose information required by rule 26(e) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or evidence not so disclosed."[16]

The Tenth Circuit has directed that

[a] district court need not make explicit findings concerning the existence of a

---

[12]*Kerns v. Pro-Foam of S. Ala., Inc.*, 572 F.Supp.2d 1303, 1311 (S.D. Ala 2007) (holding plaintiff could call defendant's expert in the case in chief).

[13]*Bd. of Educ. v. Barton*, 617 P.2d 347, 350 (Utah 1980).

[14]*Nat'l R.R. Passenger Corp. v. Certain Temporary Easements Above*, 357 F.3d 36, 42 (1st Cir. 2004) (holing plaintiff could call the defendant's expert in the case in chief); *Luster v. Brown*, 386 S.E.2d 489 (W. Va. 1989) (holding party submitting to adverse medical examination has a right to use the opinion of the examining physician by calling examining physician as a witness); *Pinkett v. Brittingham*, 567 A.2d 858 (Del. 1989) (holding trial court did not abuse its discretion in allowing plaintiff to compel testimony of physician retained by defendant to examine plaintiff).

[15]Fed. R. Civ. P. 26(e)(2).

[16]Fed. R. Civ. P. 37(c).

substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide [the Court's] discretion.: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[17]

### III. DISCUSSION

Plaintiff has requested to call Dr. Janzen in its case in chief.  Courts have held that once a party has given testimony the opinions do not belong to anyone and are available for all parties to use at trial.[18]  Dr. Janzen has given testimony through both a deposition and expert report.  This testimony therefore is available for either party to use, and the Court finds no reason why Plaintiff should not be permitted to call Dr. Janzen in its case in chief.  Defendant argues the logistical issues involved with Plaintiff calling his witness during her case in chief, mainly that he cannot be required to produce his witness at a time other than when he had planned on calling him.[19]  Similarly, Defendant argues that neither this Court nor Plaintiff can subpeona Dr. Janzen under rule 45(b)(2)(B) because Dr. Janzen lives more than 100 miles from the Court and is therefore outside the jurisdiction of the State of Utah and this Court.[20]  The Court is merely permitting Plaintiff to call Dr. Janzen and leaves the logistics of making this request a reality up to Plaintiff.

Plaintiff contends that the supplemental report contradicts Dr. Jenzen's deposition.  In

---

[17]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

[18]*Kerns*, 572 F.Supp.2d at 1311.

[19]Docket No. 78, at 2.

[20]*Id.*; Fed. R. Civ. P. 45(b)(2)(B) (stating a subpoena may be served at any place . . . outside that district but within 100 miles of the place specified for the deposition, hearing, trial..).

reviewing the report, the Court does not find any discrepencies between the original deposition and the supplemental report. However, any discrepancies can be handled during cross examination. Plaintiff argues all four of the guideline factors as reasons why the supplemental report should not be admitted. Plaintiff argues that she already deposed Dr. Janzen, and had no time to re-depose Dr. Janzen in the two weeks before trial from the time the supplemental report was submitted. Plaintiff argues that if she were allowed to re-depose Dr. Janzen it would disrupt the trial. Plaintiff claims the tardiness was the result of bad faith.

In taking into consideration these claims, the Court notes that Plaintiff has requested to call Dr. Janzen during its case in chief. The Court does not find Plaintiff's arguments persuasive. As previously stated the Court did not find any discrepancies between Mr. Janzen's deposition and his original report. Moreover, if there are such discrepancies, the Court believes that Plaintiff could have found an opportunity to depose Dr. Janzen in the time from receipt of the supplemental order until the start of trial. Therefore, the Court does not think that a re-deposition would disrupt the trial in any fashion. Additionally, because Plaintiff seeks to call Dr. Janzen during her case in chief, she may question Dr. Janzen regarding any alleged discrepancies.

### IV. CONCLUSION

Dr. Jenzen has given testimony through both a deposition and an expert report, these reports are available for either party to use at trial. Plaintiff does not appear to have been prejudiced in any way by Dr. Janzen's supplemental report and accordingly it will be admissible in trial. It is therefore

ORDERED that Plaintiff's Motion to Call John Janzen, Ed.D in her Case in Chief (Docket No. 49), is GRANTED. It is further

ORDERED that Plaintiff's Motion to Exclude Supplemental Report of John M. Janzen,

Ed.D, (Docket No. 38) is DENIED.

DATED   September 24, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge