IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA B. CHAVEZ OLSEN<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>RANDY DELCORE, M.D.<br><br>    Defendant. | MEMORANDUM DECISION DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS TO EXCLUDE<br><br><br><br><br><br>Case No. 07-CV-334 TS |

This matter is before the Court on Defendant's Motion to Exclude One of Plaintiffs' Duplicative Experts, and Plaintiff's Motion to Exclude Expert Testimony. For the reasons stated below the Court will deny both parties' exclusion motions. However, the Court reserves its right and the right of the parties to revisit these issues as they arise during trial.

**I. Facts**

Plaintiff sought treatment from Defendant regarding pain in her foot. Defendant recommended and performed a surgery. Plaintiff claims Defendant breached the standard of care regarding her treatment. Plaintiff intends to call Dr. Wagner, as an expert witness, and Dr. Alm as subsequent treating physician. Plaintiff states Dr. Alm will not testify concerning the standard

of care applicable to Defendant.[1] Plaintiff then states that Dr. Alm's testimony regarding his treatment and diagnosis of Plaintiff, will necessarily include testimony to the appropriateness of the surgery and Plaintiff's outcome.[2] Defendant intends to call Dr. McNaught, his partner, and Dr. Beals an expert witnesses. Defendant also intends to testify on behalf of himself. Both parties claim the multiple witnesses are cumulative and should be excluded on that basis.

## II. Standard

Trial courts have inherent authority and broad discretion to exclude cumulative expert testimony, if it is not done "arbitrarily, or on the basis or mere numbers."[3] Rule 16 of Federal Rules of Civil Procedure gives the Court authority to govern the scope of witnesses and the presentation of evidence at trial.[4] Rule 403 of the Federal Rules of Evidence provides another basis for the Court to exclude cumulative or duplicative expert witnesses.[5] Cumulative evidence is evidence that "goes to prove what has already been established by other evidence."[6] Experts can also be excluded on the basis of undue delay, waste of time . . . or unfair prejudice.[7]

## III. Discussion

Courts have broad discretion to exclude cumulative or duplicative expert witnesses. In

---

[1] Docket No. 37, at 2.

[2] *Id*.

[3] *Nalder v. West Park Hosp.*, 254 F.3d 1168, 1173 (10th Cir. 2001).

[4] FED. R. CIV. P. 16.

[5] FED. R. EVID. 403.

[6] *Smith v. Secretary of N.M. D.O.C.*, 50 F.3d 801, 829 (10th Cir. 1995).

[7] *Id*.

this case, Plaintiff intends to call Dr. Wagner as her one expert witness as to the standard of care. Plaintiff also intends to call Dr. Alm to testify about his diagnosis and subsequent treatments performed on Plaintiff.  The Court finds that these testimonies are not duplicative and will likely present different information to the jury.

      Defendant intends to call himself, Dr. McNaught and Dr. Beals.  Defendant will testify regarding his care and treatment of Plaintiff.  Dr. McNaught, who works in the same clinic as Defendant, will testify regarding his knowledge and prior treatment of Plaintiff.  He will also testify as to Plaintiff's knee condition and his involvement with the treatment of Plaintiff's foot. Defendant's and Dr. McNaught's testimony do not appear to be duplicative at this time.  As to Defendant, this Court believes Defendant has the right to testify on his own behalf.  Similarly, as a member of the same clinic, Dr. McNaught has an interest in protecting the reputation of the clinic.  Dr. McNaught as an observer could have a different perspective to share with the Court. Dr. McNaught's testimony may also go to show why Defendant chose this particular procedure. Defendant is calling Dr. Beals as his expert as to the applicable standard of care.  Although issues regarding standard of care might come up during questioning, neither Defendant nor Dr. McNaught are testifying solely as to the applicable standard of care.  Therefore the Court finds, at this point in time, there is no reason to exclude any of the expert witness testimony.  As previously stated, the Court reserves its right, and the right of the parties to revisit these issues if appropriate during trial.

## IV. Conclusion

Based on the above the Court finds no reason to exclude any of the proposed witnesses based on cumulative testimony, undue delay or waste of time.  It is therefore

ORDERED that Defendant's Motion to Exclude one of Plaintiff's Duplicative Experts (Docket No. 29)  and Plaintiff's Motion to Exclude Expert Testimony (Docket No. 36) are DENIED.


DATED   September 24, 2009.


BY THE COURT:

_____
TED STEWART
United States District Judge