IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OLIVIA B. CHAVEZ OLSEN,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY DELCORE, M.D.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO LIMIT DR. ALM'S TESTIMONY<br><br><br><br>Case No. 07-CV-334 TS |

This matter is before the Court on Defendants Motion to Limit the Scope of Dr. Alm's Testimony. For the reasons stated below the Court will deny Defendant's motion to limit Dr. Alm's testimony. However, the Court reserves its right and the right of the parties to revisit these issues as they arise during trial.

**I. Facts**

Plaintiff sought treatment from Defendant regarding pain in her foot. Defendant recommended and performed a surgery. Plaintiff claims Defendant breached the standard of care regarding her treatment. Plaintiff intends to call Dr. Wagner, as an expert witness, and Dr. Alm as subsequent treating physician. Plaintiff states Dr. Alm will not testify concerning the standard

of care applicable to Defendant.[1]  Plaintiff then states that Dr. Alm's testimony regarding his treatment and diagnosis of Plaintiff, will necessarily include testimony to the appropriateness of the surgery and Plaintiff's outcome.[2]  Dr. Alm is a podiatrist, not a medical doctor.[3]

## II. Standard

The Plaintiff in a medical malpractice action has the burden of establishing defendant breached the applicable standard of care.[4]  To meet this burden Plaintiff generally introduces expert testimony regarding the standard of care.[5]  The Federal Rules of Evidence only authorize witnesses to testify as experts if they are qualified by "knowledge, skill, experience, training, or education" in the relevant scientific or technical field and the specialized knowledge will help the trier of fact.[6]  Courts within the Tenth Circuit have found that mere possession of a medical degree in one field does not qualify a doctor to testify as an expert of a different specialty.[7]  The Utah Supreme Court has stated: "Practitioners in one specialty are not ordinarily competent to testify as experts in the standard of applicable care in another specialty."[8]  However, an exception

---

[1] Docket No. 37, at 2.

[2] *Id*.

[3] *Id*., Ex. E, at 1.

[4] *Kent v. Pioneer Valley Hospital*, 930 P.2d 904, 906 (Utah Ct. App. 1997).

[5] *Anton v. Thomas*, 806 P.2d 744, 745 (Utah Ct. App. 1991).

[6] FED. R. EVID. 702.

[7] *Alexander v. Smith & Nephew, P.L.C.*, 98 F.Supp.2d 1276, 1282-83 (N.D. Okla. 2000) (finding ER doctor is not qualified to testify as to orthopedics and spinal surgery).

[8] *Arnold v. Curtis*, 846 P.2d 1307, 1310 (Utah 1993) (citing *Burton v. Youngblood*, 711 P.2d 245 (Utah 1985)); *see also Dikeou v. Osborne*, 881 P.2d 943 (Utah Ct. App. 1994) (ER physician not qualified to testify as an expert witness in a suit against cardiologist).

to this rule is made "when a witness is knowledgeable about the standard of care of another specialty or when the standards of different specialties on the issue in a particular case are the same."[9] A medical expert witness brought in to testify to a standard of care in a specialty different than his own, must show he is knowledgeable about the standard of care in the alleged negligent doctor's specialty.[10]

### III. Discussion

An expert witness in one specialty is not disqualified from testifying about the standard of care in another specialty if he or she is knowledgeable about the applicable standard of care.[11] Dr. Alm practices in Idaho where medical professionals are held to a local standard of care guideline.[12] Utah doctors are held to a national standard of care.[13] In his deposition, Dr. Alm first testified that he was unaware of the standard of care applied to doctors in Utah, but later clarifies by stating, "[t]here is no difference in the standard of care between Utah – Cedar City, Utah, and Lewiston, Idaho, period."[14] Dr. Alm does state that he does not believe there is a difference between a local and national standard of care because physicians worldwide perform the same surgeries, and a physicians mistake in Utah is not different than in Alaska.[15] Although

---

[9] *Dikeou*, 881 P.2d at 947 (citing *Youngblood*, 711 P.2d 245; *Arnold v. Curtis*, 846 P.2d at 1310).

[10] *Id*.

[11] *Id*.

[12] *Watts v. Lynn*, 870 P.2d 1300, 1303-04 (Idaho 1993).

[13] *Swan v. Lamb*, 584 P.2d 814, 817 (Utah 1978).

[14] Docket No. 82, Ex. B, at 28, 39.

[15] *Id*. at 36.

Dr. Alm is a podiatrist and not an orthopedic surgeon, he states that there is no difference in what he does as a doctor with respect to diagnosis and treatment of the foot and ankle compared to what orthopedic surgeons do with the respect to the same.[16] Dr. Alm states that although his formal educational training differs from that of an orthopedic surgeon, the surgeries and diagnosis they perform are not different.[17] When asked specifically if he had any foot and ankle surgery training outside the general podiatry and whether he had any fellowship training Dr. Alm states "No."[18] However, Dr. Alm states that he attends the same national seminars and training orthopedic surgeons do and that he worked side by side with them during his residency.[19] Dr. Alm states that podiatrists and orthopedists share the same information and procedures.[20] Finally, Dr. Alm states that he has an opinion about the standard of care applicable to an M.D. orthopedic surgeon and whether the conduct of an M..D. orthopedic surgeon was in violation of that standard of care.[21]

Plaintiff cites to *Pruneda v. Columbia Steel Casting Co., Inc.*,[22] presumably for the proposition that a practitioner from one school of medicine can be competent to testify as an expert against a practitioner of another school when a witness is "knowledgeable about the

---

[16]*Id*. at 62.

[17]*Id*. at 12, 10, 62.

[18]*Id*. at 9.

[19]*Id*. at 11, 21, 37

[20]*Id*. at 37.

[21]*Id*. at 24.

[22]2007 WL 3409383 (Utah App. Nov. 16, 2007).

standard of care of another specialty, or when the standards of different specialties on the issue in a particular case are the same."[23]  In that case a medical doctor testified regarding treatment provided by a chiropractor.[24]  The *Pruneda* court found that both exceptions were applicable because the doctor stated in her deposition testimony that she practiced all kinds of spinal medicine and rehabilitation therapies and felt comfortable to testify regarding the standard of care for any spine care problem.[25]  The same situation is presented in this case.  Dr. Alm testified that he was both knowledgeable about the standard of care in orthopedic surgery, and that given the crossover and similarities between the specialties, the standards governing them are the same.[26]

---

[23]*Id.* at *2.

[24]*Id.*

[25]*Id.*

[26] Docket No. 82, Ex. B. at 21-22, 62, 63.

## IV. Conclusion

Based on the above the Court finds it unnecessary to limit the scope of Dr. Alm's testimony subject to the proper foundation being established at trial. It is therefore

ORDERED is Defendant's Motion to Limit the Scope of Dr. Alm's Testimony (Docket No. 54) is DENIED.

DATED   September 24, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge